## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

ARMANDO GARCIA-CABELLO,          )
                                 )
                  Plaintiff,     )      **CIVIL ACTION**
                                 )
v.                               )      No.  05-2079-MLB
                                 )
BRETT PETERSEN and RONNET SASSE, )
                                 )
                  Defendant.     )
_____)

### MEMORANDUM AND ORDER

This case comes before the court on defendants' motion to dismiss or, in the alternative, for summary judgment.  (Doc. 9).  The motion has been fully briefed and is ripe for decision.  (Docs. 10, 19, 23). Defendants' motion is granted for the reasons herein.

**I.   FACTS**[1]

Plaintiff was born in New Mexico in 1984.  Plaintiff, however, was raised in Mexico and speaks only Spanish.  In April 2003, plaintiff entered the United States.  On June 1, 2003, plaintiff was arrested in Johnson County, Kansas, for various traffic violations including, no drivers license, failure to display or driving with

---

[1] In his response, plaintiff failed to put forth any specific facts as required by D. Kan. Rule 56.1.  See also Mitchell v. City of Moore, Ok., 218 F.3d 1190, 1197-98 (10th Cir. 2000).  Plaintiff's alleged facts are not supported with any citation to the record.  In addition, plaintiff failed to controvert any of defendant's uncontroverted facts.  Therefore, all facts set out in defendant's motion for summary judgment are deemed admitted by plaintiff for summary judgment purposes.  Michael v. Intracorp, Inc., 179 F.3d 847, 856 (10th Cir. 1999).  Plaintiff's counsel are admonished regarding their obligation to comply with the Federal Rules of Civil Procedure and the rules of this court.  This will be their only warning.  If plaintiff's attorneys ever again file in this court a non-compliant submission, they will be sanctioned and/or referred for disciplinary action.

expired tags, and driving without liability insurance.  At the Johnson County, Kansas, Adult Detention Center, plaintiff was interviewed by telephone with an agent of Central States Command Center, a division of Immigration and Customs Enforcement (ICE).  During the interview, the agent prepared a Form I-213.  This form stated that plaintiff was a "native and citizen of Mexico and makes no claim to status as a USC [United States Citizen] or LAPR [Permanent Resident]."  The form also stated that plaintiff entered the United States illegally on April 1, 2003. (Doc. 10 at 3-4).

On June 9, 2003, plaintiff was released from the detention center and transferred to the custody of ICE.  Agent Ronette Sasse interviewed plaintiff at 11:00 a.m. and presented him with Form I-826, Notice of Rights and Request for Disposition.  The form presented to plaintiff was in Spanish.  The English version states the following:

> You have been arrested because immigration officers believe that you are illegally in the United States.  You have the right to a hearing before the Immigration Court to determine whether you may remain in the United States.  If you request a hearing, you may be detained in custody or you may be eligible to be released on bond, until your hearing date.  In the alternative you may request to return to your country as soon as possible, without a hearing.
>
> You have the right to contact an attorney or other legal representative to represent you at your hearing, or to answer any questions regarding your legal rights in the United States.  Upon your request, the officer who gave you this notice will provide you with a list of legal organizations that may represent you for free or for a small fee.  You have the right to communicate with the consular or diplomatic officers from your country.  You may use a telephone to call a lawyer, other legal representative, or consular officer at any time prior to your departure from the United States.
>
> _____ I request a hearing before the Immigration Court to determine whether or not I may remain in the United States.
>
> _____ I believe I face harm if I return to my country.  My

-2-

case will be referred to the Immigration Court for a
hearing.

_____ I admit that I am in the United States illegally,
and I believe I do not face harm if I return to my country.
I give up my right to a hearing before the Immigration
Court.   I wish to return to my country as soon as
arrangements can be made to effect my departure.   I
understand that I may be held in detention until my
departure.

(Doc. 10, exh. 1 attach. 3).

Plaintiff initialed the option that indicated he was in the
United States illegally and wished to return to his country.  Agent
Sasse then reviewed the I-213 form that had been prepared by the
unidentified agent on June 1.  For the first time, plaintiff asserted
that he was born in New Mexico.   Agent Sasse then took a sworn
statement from plaintiff that stated he was a United States citizen.
Agent Sasse requested assistance of Senior Special Agent Tim Ditter,
who is an experienced Special Agent and fluent in Spanish.   Agent
Ditter interviewed plaintiff.   During the interview, plaintiff
recanted his claim to citizenship.  Agent Sasse then prepared another
Form I-213 to memorialize plaintiff's inconsistent statements.  (Doc.
10 at 5-6).

Agent Sasse ran several computer searches of available data
systems for any indicia that plaintiff was a citizen.   None of the
databases returned any information regarding plaintiff.  Plaintiff was
not deported from the United States.   Plaintiff was granted a
voluntary return to Mexico.  Agent Sasse never threatened plaintiff
during the interviews.  (Doc. 10 at 6).

Plaintiff has asserted that Agent Sasse and her supervisor, Brett
Peterson, violated his constitutional rights by deporting him to

Mexico.   Defendants have asserted both sovereign and qualified immunity.

## II.   Motion to Dismiss Standards: FRCP 12(b)(1)

Federal courts are courts of limited jurisdiction, available to exercise their power only when specifically authorized to do so. <u>See Sellens v. Telephone Credit Union</u>, 189 F.R.D. 461, 465 (D. Kan. 1999). Pursuant to the Federal Rules of Civil Procedure, a party may move for dismissal based upon a court's "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  The Tenth Circuit has noted that Rule 12(b)(1) motions may take on two forms, either a "facial" attack or a "factual" attack. <u>See Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir. 1995). A "facial" attack questions the sufficiency of the complaint whereas a "factual" challenge contests those facts upon which the subject matter rests. <u>Bryce v. Episcopal Church in the Diocese of Colorado</u>, 121 F. Supp. 2d 1327, 1334 (D. Colo. 2000).

## III.   SUMMARY JUDGMENT STANDARDS

The usual and primary purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. <u>See Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "shows] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 670 (10th Cir. 1998) (citations

omitted); see also Adams v. American Guar. & Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (citing Adler).  The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment because the factual dispute must be material.  See Renfro v. City of Emporia, 948 F.2d 1529, 1533 (10th Cir. 1991).  In determining whether genuine issues of material fact exist, the court "constru[es] all facts and reasonable inferences in a light most favorable to the nonmoving party."  Pub. Serv. Co. of Colo. v. Cont'l Cas. Co., 26 F.3d 1508, 1513-14  (10th Cir. 1994).

Defendant initially must show both an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  See Adler, 144 F.3d at 670.  Because plaintiff bears the burden of proof at trial, defendant need not "support [its] motion with affidavits or other similar materials negating [plaintiff's]" claims or defenses. Celotex, 477 U.S. at 323 (emphasis in original).  Rather, defendant can satisfy its obligation simply by pointing out the absence of evidence on an essential element of plaintiff's claim. See Adler, 144 F.3d at 671 (citing Celotex, 477 U.S. at 325).

If defendant properly supports its motion, the burden then shifts to plaintiff, who may not rest upon the mere allegation or denials of its pleading, but must set forth specific facts showing that there is a genuine issue for trial.  See Mitchell v. City of Moore, 218 F.3d 1190, 1197-98 (10th Cir. 2000).  In setting forward these specific facts, plaintiff must identify the facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." Adler, 144 F.3d at 671.  If the evidence offered in opposition to summary judgment is merely colorable or is not significantly

-5-

probative, summary judgment may be granted.  See Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 533 (10th Cir. 1994).  Plaintiff "cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial."  Conaway v. Smith, 853 F.2d 789, 793 (10th Cir. 1988).  Put simply, plaintiff must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Certain local rules further govern the presentation of facts and evidence.  Local Rule 56.1 requires the movant to set forth a concise statement of material facts.  D. Kan. Rule 56.1.  Each fact must appear in a separately numbered paragraph and each paragraph must refer with particularity to the portion of the record upon which the defendant relies.  See id.  The opposing memorandum must contain a similar statement of facts.  Plaintiff must number each fact in dispute, refer with particularity to those portions of the record upon which he relies and, if applicable, state the number of the defendants' fact that he disputes.  The court may, but is not obligated to, search for and consider evidence in the record that would rebut the defendant's evidence, but that plaintiff has failed to cite.  See Mitchell, 218 F.3d at 1199; Adler, 144 F.3d at 672.  All material facts set forth in the statement of defendant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of plaintiff.  See id.; Gullickson v. Southwest Airlines Pilots' Ass'n, 87 F.3d 1176, 1183 (10th Cir. 1996) (applying local rules of District of Utah).  A standing order of this

court also precludes drawing inferences or making arguments within the statement of facts.

The parties need not present evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible. See Thomas v. Int'l Bus. Machs., 48 F.3d 478, 485 (10th Cir. 1995) (internal quotations and citations omitted). For example, hearsay testimony that would be inadmissible at trial may not be included. See Adams, 233 F.3d at 1246. Similarly, the court will disregard conclusory statements and statements not based on personal knowledge. See Cole v. Ruidoso Mun. Schs., 43 F.3d 1373, 1382 (10th Cir. 1994) (regarding conclusory statements); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995) (requiring personal knowledge). Finally, the court may disregard facts supported only by references to documents unless the parties have stipulated to the admissibility of the documents or the documents have been authenticated by and attached to an affidavit meeting the requirements of Rule 56(e). See Fed. R. Civ. P. 56(e); D. Kan. Rule 56.1; 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2722 (2d ed. 1983) (footnotes omitted).

In the end, when confronted with a fully briefed motion for summary judgment, the court must determine "whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If sufficient evidence exists on which a trier of fact could reasonably find for the plaintiff, summary judgment is inappropriate. See Prenalta Corp. v.

Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

**IV.  ANALYSIS[2]**

    **A.  Sovereign Immunity**

The United States has sovereign immunity except where it consents to be sued. United States v. Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed.2d 580 (1983). In the absence of such a waiver of immunity, plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87, 114 S. Ct. 996, 127 L. Ed.2d 308 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed.2d 114 (1985) (a suit against a government officer in his or her official capacity is a suit against the government). Plaintiff cites no authority, and the Court has located no such authority, to suggest that the United States has waived its sovereign immunity with respect to the sort of claim for damages that plaintiff seeks to assert against the ICE. Therefore, plaintiff's Bivens' claim against these defendants in their official capacities must be dismissed. Plaintiff's claim against the defendants in their personal capacity, however, is not subject to dismissal on the basis of sovereign

---

[2] Plaintiff requests that the court should allow plaintiff to conduct discovery. Plaintiff fails to comply with Fed. R. Civ. P. 56(f) and applicable authority (assuming plaintiff's counsel are aware of the rule and authority, which seems doubtful). "A prerequisite to granting relief, however, is an affidavit furnished by the nonmovant." Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992). Plaintiff has not identified, by way or affidavit or otherwise, what evidence it will obtain through discovery and how plaintiff will obtain it. Plaintiff's request is denied.

immunity.

**B.    Qualified Immunity[3]**

"Under the doctrine of qualified immunity, government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Douglas v. Dobbs, 419 F.3d 1097, 1100 (10th Cir. 2005).  When a defendant raises a claim of qualified immunity, the burden shifts to the plaintiff to show that the defendant is not entitled to immunity. Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001).  To overcome a qualified immunity defense, a plaintiff must first assert a violation of a constitutional or statutory right and then show that the right was clearly established. Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996).  A right is clearly established if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed.2d 523 (1987).  To show that a right is clearly established, a plaintiff does not have to produce a factually identical case.  Rather, plaintiff may produce a Supreme Court or Tenth Circuit opinion on point, or demonstrate that the right is supported by the weight of authority from other courts.  Axson-Flynn v. Johnson, 356 F.3d 1277, 1299 (10th Cir. 2004).  Once the plaintiff satisfies this initial two-part burden, the burden shifts to the defendant to show that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Id.

Robbins v. Wilkie, 433 F.3d 755, 764 (10th Cir. 2006).

In response to defendants' claim to immunity, plaintiff has asserted that defendants have violated his rights by detaining him and failing to investigate his claims as a United States citizen.  The court is not persuaded.  Plaintiff cites to 8 U.S.C. § 1103(a)(1) to assert that immigration officials have no jurisdiction over United States citizens.  Section 1103(a)(1) states as follows:

_____

[3] Since defendants have also moved for summary judgment and attached exhibits, the court will proceed to evaluate the motion under Fed. R. Civ. P. 56.

> The Secretary of Homeland Security shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens, except insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon the President, Attorney General, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers: Provided, however, That determination and ruling by the Attorney General with respect to all questions of law shall be controlling.

Plaintiff asserts that this section limits defendants jurisdiction to aliens and, therefore, detention of a citizen is unconstitutional. The statute, however, states that "Homeland Security [ICE] shall be charged with the administration and enforcement of this chapter." 8 U.S.C. § 1357(a)(1) states that "[a]ny officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant – (1) to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States." (emphasis supplied). Accordingly, based on the information available to the agents, which had been provided by plaintiff on June 1, the statute authorized the agents to interrogate him to determine if he was an alien. Moreover, plaintiff offered no evidence of his citizenship and recanted his claims.[4] The agents had authority by statute to perform their investigation and, accordingly, did not violate plaintiff's rights.

Plaintiff also asserts that his rights were violated by defendants' failure to prove that plaintiff was an alien by clear,

_____

[4] Plaintiff maintains that it is uncontroverted that he is a citizen. Not so. There is no evidence whatsoever that plaintiff is a U.S. citizen.

-10-

unequivocal, and convincing evidence.  Plaintiff's authority is not applicable to the facts in this case.  The United States Supreme Court in <u>Woodby v. INS</u>, 385 U.S. 276, 277, 87 S. Ct. 483, 17 L. Ed.2d 362 (1966), requires the government to establish facts supporting deportability by clear, unequivocal, and convincing evidence. However, plaintiff was not deported.  Plaintiff requested and was granted a voluntary departure.  Had plaintiff not waived his rights and instead requested a hearing, defendants would have been required to comply with <u>Woodby</u>.  But that was not the case.  Defendants actions in this case were proper.  Plaintiff admitted to being an illegal alien, recanted his statement of citizenship and requested voluntary removal.  Plaintiff has failed to cite any authority for the proposition that defendants were required to take any additional steps to prove plaintiff was not a citizen after plaintiff no longer made any claims to citizenship.[5]

Defendants' motion for summary judgment is granted.

## IV. CONCLUSION

Defendants' motion to dismiss is granted as to all claims against defendants in their official capacity.  Defendants' motion for summary judgment on the basis of immunity is granted as to all claims against defendants in their personal capacity.

A motion for reconsideration of this order is not encouraged.

---

[5] The number of deportable aliens located by the ICE from Mexico alone amounted to 1,142,807 for the year 2004.  Table of Deportable aliens located by region and country of nationality: fiscal year 2004, available at http://uscis.gov/graphics/shared/statistics/yearbook/ 2004/Table36.xls.  The court cannot fathom a requirement that agents prove that a suspected alien is not a citizen when that alien has admitted that he is in the country illegally and recanted claims to citizenship.

-11-

The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

    IT IS SO ORDERED.

    Dated this   10th   day of February 2006, at Wichita, Kansas.


                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE